# EXHIBIT 1

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0004 7289 03

ZAMIAS SERVICES, INC.
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

| | |
|---|---|
| **Control Number:** 349566 | **Agent:** Corporation Service Company |
| **Defendant:** ZAMIAS SERVICES, INC.<br>808 GREENBRIER STREET<br>Charleston, WV 25311 US | **County:** Kanawha<br>**Civil Action:** CC-20-2025-C-1347<br>**Certified Number:** 92148901125134100004728903<br>**Service Date:** 11/14/2025 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 11/10/2025 6:09 PM
CC-20-2025-C-1347
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
**Lisa Kirk v. ZAMIAS SERVICES, INC.**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: ZAMIAS SERVICES, INC., 808 GREENBRIER STREET, CHARLESTON, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Kevin Davis, 5420 MACCORKLE AVE SW, , S CHARLESTON, WV 25309

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/10/2025 6:09:44 PM
Date

/s/ Cathy S. Gatson
Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint t _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

_____
Date

_____
Server's Signature

E-FILED | 11/10/2025 6:09 PM
CC-20-2025-C-1347
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

LISA KIRK,

    Plaintiff,

v.

    CIVIL ACTION NO.:
    JUDGE:

ZAMIAS SERVICES, INC.,
ZRAJ D-OUTLOT LLC
And OLLIE'S BARGAIN OUTLET, INC.

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Lisa Kirk, by counsel, Kevin P. Davis, Esq. and complains and alleges as follows:

### I. PARTIES

1. Plaintiff is, and at all relevant times was, a resident of West Virginia.

2. Defendant Zamias Services, Inc. is a Pennsylvania corporation authorized and doing business in West Virginia with a principle office address of 1219 Scalp Avenue, Johnstown, PA, 15904; mailing address of 1219 Scalp Avenue, Johnstown PA 15904; and a Notice of Process Address of Corporation Services Company, 808 Greenbrier Street, Charleston WV 25311.

3. Defendant ZRAJ D-Outlot LLC is a Pennsylvania corporation authorized and doing business in West Virginia with a principle office address of 1219 Scalp Avenue, Johnstown, PA, 15904; mailing address of 1219 Scalp Avenue, Johnstown PA 15904; and a Notice of Process Address of Corporation Services Company, 808 Greenbrier Street, Charleston WV 25311.

4. Defendant Ollie's Bargain Outlet, Inc. is a Pennsylvania corporation authorized and doing business in West Virginia with a principle office address of

6295 Allentown Blvd., Suite 1, Harrisburg PA 17112; mailing address of 6295 Allentown Blvd., Suite 1, Harrisburg PA 17112; and a Notice of Process Address of Corporation Services Company, 808 Greenbrier Street, Charleston WV 25311.

## II. ALTER EGO / UNITY OF INTEREST FACTS

5. Upon information and belief, Defendants:

    a. Shared officers, directors, and employees;

    b. Used the same business address, phone number, and email domains;

    c. Interchanged employees without regard to corporate form;

    d. Combined accounting and bookkeeping;

    e. Transferred funds, assets, and liabilities between themselves; and

    f. Operated the premises as a single business enterprise under the parking lot area of Ollie's Bargain Outlet, Inc.

6. Due to the unity of interest and ownership, adherence to separate corporate forms would sanction fraud or promote injustice. Defendants should be held jointly and severally liable.

## IV. BACKGROUND

7. Plaintiff, a customer of Ollie's Bargain Outlet, Inc., was walking out of the store pushing a shopping cart with her son in it. She was pushing the cart and walking on the parking lot towards her vehicle when the shopping cart flipped after hitting an extremely uneven portion of the parking lot causing the cart to turn over and her to fall to the ground injuring her low back and right hand.

8. Plaintiff was walking towards her car while pushing a shopping cart with her son in it expecting a safe, well-maintained parking lot without any hazards or hidden defects.

9. Plaintiff fell while pushing the shopping cart with her son in it when she encountered a dangerously uneven and poorly maintained area of the parking lot surface. Without warning signs or barricades of the hidden defect, Plaintiff tripped and fell hard to the ground.

10. The fall caused severe injuries, including an injured back and surgery on her right hand, resulting in significant medical treatment, ongoing pain, and functional limitations.

11. At the time of the events set forth in this complaint, Plaintiff was not a trespasser on the parking lot.

12. Upon information and belief, all Defendants maintained an ownership interest, were responsible for maintenance and upkeep of the premises at and around 991 Dunbar Village Plaza, Dunbar WV 25064.

13. Ollie's Bargain Outlet, Inc. is located at 991 Dunbar Village Plaza, Dunbar WV 25064.

14. Upon information and belief, at the time of the events relevant in this Complaint, all Defendants individually, jointly and severally were the owners of, or in charge of maintenance and safety of, the parking lot in front of 991 Dunbar Village Plaza, Dunbar WV 25064.

15. Plaintiff fell due to an unsafe uneven surface defect in the parking lot at this location and as a proximate result was injured.

16. Upon information and belief, the subject premises at 991 Dunbar Village Plaza, Dunbar, WV 25064, including the parking lot area of the premises, was maintained prior to, at the time of, and after the events relevant in this Complaint by all Defendants.

17. Upon information and belief, Defendants were at all times relevant hereto doing business collectively and independently as the owners and landlords of 991 Dunbar Village Plaza, Dunbar, WV 25064, including the parking lot area of the premises.

18. Upon information and belief, at all times material hereto, the subject premises was operated, managed, maintained and controlled by all named Defendants.

19. At all times material hereto, all named Defendants exercised extensive authority over the subject premises, which included, but was not limited to, management, maintenance, inspection, policy and procedure creation and implementation.

20. At all times material to this action, all named Defendants exercised control of the operation and management and maintenance functions of the subject premises.

21. All Defendants do business in Dunbar, Kanawha County, West Virginia, or did business in Dunbar, Kanawha County, West Virginia at the time of the events set forth in this Complaint.

22. Each Defendant remains liable for the acts of the others, as the Defendants operated, controlled and maintained the subject premises as a joint enterprise and/or joint venture. Defendants entered into an express or

implied agreement to operate, control and maintain the subject premises. Defendants shared a common interest and purpose in the operation, control and maintenance of the subject premises. All named Defendants shared authority over the management, operation, control, maintenance and inspection of the subject premises, including but not limited to, the inspection for, remediation of, and warnings for hazards on the premises.

23. The Defendants are responsible through the actions and non-actions of their employees, agents, contractors and representatives and had a duty to make sure the property was safe for invitees, guests and visitors. At all times relevant herein the Defendants, and their respective employees, agents, contractors and representatives had a duty under West Virginia Statutory and common law to maintain the common area of the apartment complex property in a reasonably safe condition, in good repair and free from nuisance and hazard of injury.

15. Plaintiff fell and was injured because of the Defendants failed to safely maintain the premises.

## JURISDICTION AND VENUE

24. Pursuant to *West Virginia Code* section 51-2-2, this is an action for damages in excess of the jurisdictional limits of this Court.

25. The incident giving rise to this cause of action, as well as the acts and omissions alleged in this Complaint, occurred in Dunbar, Kanawha County, West Virginia, and therefore, the Defendants are subject to the personal jurisdiction of this Court, and venue is proper in this Court.

26. The Plaintiff's allegations, described more fully below, arise from certain statutory and common law obligations, and subject matter is, therefore, appropriately vested in this Court.

**FACTS**

27. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

28. At all times relevant herein, Plaintiff was not a trespasser and Defendants failed to safely maintain the parking lot of the subject premises.

29. On November 11, 2023, Plaintiff Lisa Kirk, in the parking lot at 991 Dunbar Village Plaza, Dunbar, WV 25064, a customer of Ollie's Bargain Outlet, Inc., was walking out of the store pushing a shopping cart with her son in it. She was pushing the cart and walking in the parking lot towards her vehicle when the shopping cart flipped after hitting an extremely uneven portion of the parking lot causing the cart to turn over and her to fall to the ground injuring her and proximately causing bodily injuries, including but not limited to, her low back and right hand.

30. Defendants were in exclusive control of the parking lot area of the subject premises, including the hazards contained therein.

31. The area where Plaintiff tripped and fell was a reasonable path of ingress and egress for pedestrian traffic into and out of their vehicles to shop at the location, which was known or should have been known to Defendants.

32. As a result, Lisa Kirk had medical treatment for her injuries.

33. No warning signs were present in the area of the fall.

34. Defendants knew or should have known that the area contained a dangerous tripping hazard. As the owners of the premises, Defendants a duty of reasonable care to maintain its premises in a safe condition.

35. The tripping hazard was not obvious to Plaintiff, a person of ordinary perception and judgment, before she fell.

**COUNT I: NEGLIGENCE**
**(Against All Defendants)**

36. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

37. Defendants had a duty to keep their premises in a reasonably safe condition.

38. At all times relevant herein, the Defendants' actions toward the Plaintiff were negligent in one or more of the following particulars:

   a. Defendants breached their duty to exercise ordinary care to keep their premises in a reasonably safe condition;

   b. Defendants failed to fix hidden dangers and/or defects on their property, including but not limited to, removal of dangerously uneven parking lot pavement on their premises that could cause bodily injury;

   c. Defendants failed to warn of hidden dangers and/or defects on their property, including but not limited to, dangerously uneven parking lot pavement on their premises that could cause bodily injury;

   d. Defendants failed to reasonably inspect their premises for dangerous conditions, including but not limited to,

7

      dangerously uneven parking lot pavement on their premises that could cause bodily injury;

  e.  Defendants failed to have reasonable inspection policies and procedures for the detection and prevention of hidden dangers and/or defects on their premises, including but not limited to, reasonable inspection policies and procedures that would prevent a person from encountering dangerously uneven parking lot pavement on their premises that could cause bodily injury;

  f.  Defendants permitted hidden dangers and/or defects to exist on their premises and failed to provide an adequate warning to advise people of their existence or a barrier to prevent injury to them, including but not limited to, dangerously uneven parking lot pavement on their premises that could cause bodily injury;

  g.  Defendants were otherwise negligent by virtue of other acts and omissions known and unknown to the Plaintiff.

39. Defendants recklessly and/or negligently maintained said premises by permitting hidden dangers and/or defects to exist thereon, in the form of dangerously uneven parking lot pavement on their premises that could cause bodily injury, as described above, and Defendants knew or should have known of the danger and risk these dangers and/or defects presented to the public.

40. The trip hazards maintained by Defendants caused Plaintiff to trip and fall, causing him to suffer serious, permanent injury.

41. Defendants are also negligent as the trip hazard violates various State and Federal rules, laws, codes, statutes, regulations as well as various industry standards and building codes and principles.

42. Defendants, by and through their owners, agents, contractors and/or employees knew or should have known of the foreseeable risk of serious harm that could occur to persons like Plaintiff, by permitting the hidden dangers and/or defects to exist and failing to provide an adequate warning to advise persons and guests of their existence or barrier to prevent injury to them.

43. The Defendants knew or should have known that the subject premises was hazardous if it was not safely maintained.

44. The Defendants owed a duty of care to the people that walk on the premises to keep it in a manner that does not allow hazardous conditions to develop and then fail to make them safe.

45. The Defendants are responsible through the actions and non-actions of their employees, agents, contractors and representatives and had a duty to make sure the premises was safe for the public. There were no caution or warning signs in place at the time Plaintiff tripped and fell to warn her of danger.

46. The hidden dangers and/or defects on Defendants' property, including but not limited to, dangerously uneven parking lot pavement on their premises that could cause bodily injury, were not open, obvious, reasonably apparent or as well known to the Plaintiff as they were to the Defendants.

47. At all times relevant herein, Defendants acted in a grossly negligent and reckless manner, by failing to place caution signs around the trip hazard or fix the hazard.

48. As a result of the gross negligence of the Defendants, Plaintiff sustained severe, debilitating, and permanent injury on or about November 11, 2023.

49. The hazard at issue could have been eliminated with minimal effort of the part of the Defendants.

50. Plaintiff had the right to assume the parking lot area was safe for ordinary travel.

51. At all times relevant herein, the Defendants negligently failed to maintain the grounds in a reasonably safe condition, in good repair and free from nuisance and hazard of injury as described herein.

52. At all times relevant herein, the Defendants, and their respective employees, agents, contractors and representatives had a duty under West Virginia statutory and common law to maintain the premises in good repair and free from nuisance and hazard of injury.

53. The Defendants breached that duty by allowing hidden hazards to lie dormant for unsuspecting invitees, guests and visitors present in the common area.

54. Upon information and belief, the Defendants had actual and/or constructive knowledge of the hidden dangers that caused the fall.

55. Plaintiff did not see the tripping hazard prior to it causing her to fall and get injured.

56. The gross negligence of all Defendants described herein is the proximate cause of the Plaintiff's injuries and damages discussed herein.

57. As a direct and proximate result of the grossly negligent conduct of the Defendants, Plaintiff has been otherwise injured and damaged.

58. Defendants are liable to the Plaintiff for all injuries and damages proximately caused by the Defendants, described herein or otherwise.

59. Upon information and belief, the injuries to Plaintiff proximately caused by the gross negligence and reckless conduct of the Defendants, are permanent.

60. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm to which he is entitled to recover.

61. As a direct and proximate result of the breach of the aforementioned duties, gross negligence, carelessness and recklessness of the Defendants, as set forth above, Plaintiff suffered bodily injury and related damages; has undergone medical treatment; has suffered permanent injury; has incurred medical expenses and will incur additional medical expenses in the future; has endured physical and mental pain and suffering, both in the past and in the future; has sustained an impairment of the capacity and ability to enjoy life both past and future; has incurred lost wages and related benefits, and will continue to do so in the future; has suffered a loss of earning capacity, and will continue to do so in the future; has incurred the loss of household services in the past and will continue to do so in the future; has incurred other economic and non-economic damages, and will continue to do so in the future; has in the past suffered annoyance, inconvenience, anxiety, aggravation, mental anguish, humiliation, embarrassment, emotional distress, a loss in ability to perform daily activities and will continue to so in the future.

**WHEREFORE,** Plaintiff respectfully demands judgment against all Defendants, jointly and severally, in the amount that will fully and fairly compensate the Plaintiff for all her injuries and damages proximately caused by the negligence and reckless conduct of the Defendants, including but not limited to: (1) special damages for the Defendants' negligence; (2) general damages for the Defendants' negligence; (3) prejudgment and postjudgment interest; (4) punitive damages in an amount sufficient to punish the Defendants for their gross negligence and reckless conduct and deter like conduct in the future; (5) costs and expenses of this action, including attorney's fees; (6) all other damages set forth in this Complaint; (7) all other damages proximately caused by the negligence and reckless conduct of the Defendants; (8) all other damages otherwise available to Plaintiff under West Virginia law, and (9) such other and further relief as deemed just and proper by the Court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                              **LISA KIRK**
                                              **BY COUNSEL,**

                                              ***/s/ Kevin P. Davis***
                                              Kevin P. Davis
                                              (WVSB#8687)
                                              P.O. Box 6067
                                              Charleston, WV 25362
                                              304-380-9080
                                              kevin@kpd.legal

E-FILED | 11/10/2025 6:09 PM
CC-20-2025-C-1347
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**LISA KIRK,**

  **Plaintiff,**

v.

              **CIVIL ACTION NO.:**
              **JUDGE:**

**ZAMIAS SERVICES, INC.,**
**ZRAJ D-OUTLOT LLC**
**And OLLIE'S BARGAIN OUTLET, INC.**

  **Defendant.**


**ZAMIAS SERVICES, INC.**
CORPORATION SERVICES COMPANY
808 GREENBRIER STREET
CHARLESTON, WV 25311

To the above-named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Kevin P. Davis, Attorney at Law, plaintiff's attorney, whose address is P.O. BOX 6067, Charleston, WV 25362, an answer, including any related counter-claim the Defendant may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you and to respond to written discovery requests. You are required to serve your answer and responses to discovery within **Thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated:_____


              _____
              CLERK OF COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

LISA KIRK,

      Plaintiff,

v.

CIVIL ACTION NO.:
JUDGE:

ZAMIAS SERVICES, INC.,
ZRAJ D-OUTLOT LLC
And OLLIE'S BARGAIN OUTLET, INC.

      Defendant.

**ZRAJ D-OUTLOT LLC**
CORPORATION SERVICES COMPANY
808 GREENBRIER STREET
CHARLESTON, WV 25311

To the above-named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Kevin P. Davis, Attorney at Law, plaintiff's attorney, whose address is P.O. BOX 6067, Charleston, WV 25362, an answer, including any related counter-claim the Defendant may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you and to respond to written discovery requests. You are required to serve your answer and responses to discovery within **Thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated:_____

                                                      _____
                                                    CLERK OF COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

LISA KIRK,

    Plaintiff,

v.

                              CIVIL ACTION NO.:
                              JUDGE:

ZAMIAS SERVICES, INC.,
ZRAJ D-OUTLOT LLC
And OLLIE'S BARGAIN OUTLET, INC.

    Defendant.

**OLLIE'S BARGAIN OUTLET, INC.**
CORPORATION SERVICES COMPANY
808 GREENBRIER STREET
CHARLESTON, WV 25311

To the above-named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Kevin P. Davis, Attorney at Law, plaintiff's attorney, whose address is P.O. BOX 6067, Charleston, WV 25362, an answer, including any related counter-claim the Defendant may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you and to respond to written discovery requests. You are required to serve your answer and responses to discovery within **Thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated:_____

                                                _____
                                                CLERK OF COURT

**CERTIFIED MAIL**



US POSTAGE
ZIP 25311  $
02 4W
0000377388 N